UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRELL SCOTT                                                                                          PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:22-CV-33-DPJ-FKB

YOUTH VILLAGES, INC.                                                                              DEFENDANT

ORDER

This cause is before the Court on Plaintiff Darrell Scott's Motion to Vacate Arbitration Award [15] and Defendant Youth Villages, Inc.'s Motion to Dismiss [16]. The Court construes Youth Villages' motion to dismiss as a response in opposition to Scott's motion to vacate. *See*, *Wanken v. Wanken*, 451 F. App'x 319, 323 (5th Cir. 2011). For the reasons stated below, the Court orders Youth Villages to file a response that addresses the merits of Scott's motion to vacate within 14 days.

On October 5, 2022, Scott filed a motion to vacate an arbitration award arguing various grounds under the Federal Arbitration Act. *See* Pl.'s Mot. [12] at 11–12; *see also* 9 U.S.C. § 10(a) (outlining the statutory grounds for vacating an arbitration award). That same day, Youth Villages filed a response to Scott's motion saying that Scott failed to sign his motion. Def.'s Resp. [13] at 1. In its October 26, 2022 Order, the Court instructed Scott to—within 14 days—either refile a signed duplicate of his motion to vacate or sign the motion on file. Scott took the former option, but his signed duplicate arrived on November 15, 2022, which is six days after the November 9, 2022 due date.

In its response, Youth Villages asks the Court to deny Scott's motion on timeliness grounds. *See* Def.'s Resp. [16] at 1. The response also says that Scott's motion is "substantively

defective on its face," but doesn't go further in addressing the merits of Scott's motion. *Id.* This is the second one-paragraph response Youth Villages has filed. *See* Resp. [13] at 1.

The postmark on Scott's envelope says that it was mailed November 7, 2022, in Jackson, Mississippi.



Despite mailing the letter two days before the due date within the same city as this Court, the letter was not received until eight days after mailing and six days after the due date. It's also noteworthy that, because Scott is pro se, this Court's October 26, 2022 Order was mailed to him—so it's possible that there were mail delays on both ends.

Regardless, the due date was set by the Court in its own discretion and the lateness is excused. Defendant is directed to file a response to Plaintiff's Motion to Vacate [15] that addresses its merits. If Defendant identifies another procedural issue, it can include that issue in a substantive response. Defendant's Motion to Dismiss [16] is moot.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2022.

*s/ Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE